**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| PACIFIC RESEARCH GROUP PTE. LTD., | § | |
| | § | |
| Plaintiff, | § | Case No. 7:26-cv-00186-DC |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| ANALOG DEVICES, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

**ANALOG DEVICES, INC.'S ANSWER TO**
**PACIFIC RESEARCH GROUP PTE. LTD.'S COMPLAINT**

Defendant Analog Devices, Inc. ("ADI" or "Defendant") files its Answer to Plaintiff

Pacific Research Group, Pte. Ltd.'s ("PRG" or "Plaintiff") May 8, 2026 Complaint for Patent

Infringement (the "Complaint") (ECF No. 1).

**NATURE OF THE ACTION**

1.     ADI admits that the Complaint purports to bring an action for patent infringement

under the patent laws of the United States, Title 35 of the United States Code, but ADI denies all

allegations of infringement and denies that Plaintiff is entitled to any relief.

2.     Denied.

3.     ADI admits that the Complaint purports to seek alleged damages and prejudgment

and post-judgment interest, but ADI denies that Plaintiff is entitled to any relief.

**THE PARTIES**

4.     ADI is without sufficient knowledge or information to admit or deny the allegations

in Paragraph 4 and on that basis denies them.

5.     ADI is without sufficient knowledge or information to admit or deny the allegations

in Paragraph 5 and on that basis denies them.

6.    Admitted.

7.    The website available at https://www.analog.com/en/who-we-are/corporate-information.html speaks for itself, and ADI denies any allegation inconsistent with the website.

8.    ADI is without sufficient knowledge or information to admit or deny the allegations in Paragraph 8 and on that basis denies them.

**JURISDICTION AND VENUE**

9.    ADI admits that the Complaint purports to present a claim under the patent laws of the United States and that this Court has subject matter jurisdiction over patent claims.

10.    Paragraph 10 contains legal conclusions to which no response is required.  To the extent a response is required, ADI denies the allegations in Paragraph 10.  ADI admits only that it conducts certain business in this District and the State of Texas, and ADI expressly denies committing any acts of patent infringement in this District, the State of Texas, or elsewhere.

11.    Denied.

12.    ADI denies infringing any of the asserted patents in this District, the State of Texas, or elsewhere.  ADI admits that it conducts certain business in this District and the State of Texas and derives revenue from those business activities, but ADI expressly denies any allegation of patent infringement with respect to such activities.  ADI denies the remaining allegations in Paragraph 12.

13.    Paragraph 13 contains legal conclusions to which no response is required.  To the extent a response is required, ADI denies them.

14.    Paragraph 14 contains legal conclusions to which no response is required.  To the extent a response is required, ADI admits to having conducted business in this District and the State of Texas.  ADI denies any infringement of any valid patent claim.

15.     Paragraph 15 contains legal conclusions to which no response is required.  To the extent a response is required, ADI admits to having conducted business in this District and the State of Texas.  ADI denies any infringement of any valid patent claim.

16.     ADI admits it has a physical facility in Texas, including an office at 5001 Plaza on the Lake Suite 250, Austin, but denies committing any acts of patent infringement in this District, the State of Texas, or elsewhere and on that basis denies venue is proper in this District.

17.     ADI admits it has physical facilities and employees in Texas, including an office at 5001 Plaza on the Lake Suite 250, Austin, but denies any business operations relevant to PRG's allegations occur in Texas or by its employees that reside in this District.

## THE ASSERTED PATENTS

18.     ADI admits that U.S. Patent No. 8,402,666 (the "'666 patent") is entitled "Magneto Meter Using Lorentz Force For Integrated Systems" and that the face of the '666 patent lists the "Date of Patent" as March 26, 2013.  ADI admits that the Complaint includes Exhibit A, which Plaintiff purports to be a copy of the '666 patent.  To the extent allegations remain in Paragraph 18, ADI denies them.

19.     ADI is without sufficient knowledge or information to admit or deny the allegations in Paragraph 19 and on that basis denies them.

20.     ADI admits that U.S. Patent No. 8,981,560 (the "'560 patent") is entitled "Method And Structure of Sensors and MEMS Devices Using Vertical Mounting with Interconnections" and that the face of the '560 patent lists the "Date of Patent" as March 17, 2015.  ADI admits that the Complaint includes Exhibit B, which Plaintiff purports to be a copy of the '560 patent.  To the extent allegations remain in Paragraph 20, ADI denies them.

21.     ADI is without sufficient knowledge or information to admit or deny the allegations in Paragraph 21 and on that basis denies them.

22.     ADI admits that U.S. Patent No. 9,376,312 (the "'312 patent") is entitled "Method For Fabricating a Transducer Apparatus" and that the face of the '312 patent lists the "Date of Patent" as June 28, 2016.  ADI admits that the Complaint includes Exhibit C, which Plaintiff purports to be a copy of the '312 patent.  To the extent allegations remain in Paragraph 22, ADI denies them.

23.     ADI is without sufficient knowledge or information to admit or deny the allegations in Paragraph 23 and on that basis denies them.

24.     ADI admits that U.S. Patent No. 8,395,252 (the "'252 patent") is entitled "Integrated MEMS and CMOS Package and Method" and that the face of the '252 patent lists the "Date of Patent" as March 12, 2013.  ADI admits that the Complaint includes Exhibit D, which Plaintiff purports to be a copy of the '252 patent.  To the extent allegations remain in Paragraph 24, ADI denies them.

25.     ADI is without sufficient knowledge or information to admit or deny the allegations in Paragraph 25 and on that basis denies them.

26.     Paragraph 26 contains legal conclusions to which no response is required.  To the extent a response is required, ADI denies them.

27.     Paragraph 27 contains legal conclusions to which no response is required.  To the extent a response is required, ADI denies them.

4

**FACTUAL ALLEGATIONS**

28.     Denied.

29.     ADI admits that the ADXL366, ADXL362, ADXL367, ADXL355, ADA4571, and ADA4570 products are ADI products available for purchase in the United States, including from certain distributors.  ADI is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 29 and on that basis denies them.

30.     ADI admits that the ADXL366 product is available for purchase in the United States, including but not limited to, through ADI's website.  ADI is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 30 and on that basis denies them.

31.     ADI admits that the ADA4571 Integrated AMR Angle Sensor and Signal Conditioner is available for purchase in the United States, including but not limited to, through ADI's website.  ADI is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 31 and on that basis denies them.

**COUNT ONE**
**(Alleged Infringement of U.S. Patent 8,402,666)**

32.     ADI incorporates its answers to Paragraphs 1-31 as if fully stated herein.

33.     Denied.

34.     Denied.

35.     Denied.

36.     ADI admits that Paragraph 36 purports to quote claim 1 of the '666 patent, but ADI denies any allegation of infringement of claim 1.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     ADI admits that the Complaint includes Exhibit E, which Plaintiff purports to be a claim chart of claim 1 of the '666 patent.  ADI denies the allegations contained in Exhibit E and denies the remaining allegations of Paragraph 41.

42.     ADI denies that Plaintiff needs additional fact or expert discovery to sufficiently conclude that ADI does not infringe the '666 patent.  ADI denies the remaining allegations of Paragraph 42.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     ADI denies that any product it sold or offered for sale practices the asserted claims of the '666 patent such that any license is required.  ADI is without sufficient knowledge or information to admit or deny the allegations in Paragraph 47 and on that basis denies them.

48.     Denied.

49.     Denied.

<div align="center">

**COUNT TWO**
**(Alleged Infringement of U.S. Patent 8,981,560)**

</div>

50.     ADI incorporates its answers to Paragraphs 1-31 as if fully stated herein.

51.     Denied.

52.     Denied.

53.     Denied.

54.    ADI admits that Paragraph 54 purports to quote claim 1 of the '560 patent, but ADI denies any allegation of infringement of claim 1.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.

60.    ADI admits that the Complaint includes Exhibit F, which Plaintiff purports to be a claim chart of claim 1 of the '560 patent.  ADI denies the allegations contained in Exhibit F and denies the remaining allegations of Paragraph 60.

61.    ADI denies that Plaintiff needs additional fact or expert discovery to sufficiently conclude that ADI does not infringe the '560 patent.  ADI denies the remaining allegations of Paragraph 61.

62.    Denied.

63.    Denied.

64.    Denied.

65.    ADI denies that any product it sold or offered for sale practices the asserted claims of the '560 patent such that any license is required.    ADI is without sufficient knowledge or information to admit or deny the allegations in Paragraph 65 and on that basis denies them.

66.    Denied.

67.    Denied.

## COUNT THREE
### (Alleged Infringement of U.S. Patent 9,376,312)

68.     ADI incorporates its answers to Paragraphs 1-31 as if fully stated herein.

69.     Denied.

70.     Denied.

71.     Denied.

72.     ADI admits that Paragraph 72 purports to quote claim 1 of the '312 patent, but ADI denies any allegation of infringement of claim 1.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     ADI admits that the Complaint includes Exhibit G, which Plaintiff purports to be a claim chart of claim 1 of the '312 patent.  ADI denies the allegations contained in Exhibit G and denies the remaining allegations of Paragraph 80.

81.     ADI denies that Plaintiff needs additional fact or expert discovery to sufficiently conclude that ADI does not infringe the '312 patent.  ADI denies the remaining allegations of Paragraph 81.

82.     Denied.

83.     Denied.

84.     Denied.

85.　Denied.

86.　Denied.

87.　ADI denies that any product it sold or offered for sale practices the asserted claims of the '312 patent such that any license is required.　ADI is without sufficient knowledge or information to admit or deny the allegations in Paragraph 87 and on that basis denies them.

88.　Denied.

89.　Denied.

**COUNT FOUR**
**(Alleged Infringement of U.S. Patent 8,395,252)**

90.　ADI incorporates its answers to Paragraphs 1-31 as if fully stated herein.

91.　Denied.

92.　Denied.

93.　Denied.

94.　ADI admits that Paragraph 94 purports to quote claim 1 of the '252 patent, but ADI denies any allegation of infringement of claim 1.

95.　Denied.

96.　Denied.

97.　Denied.

98.　Denied.

99.　Denied.

100.　Denied.

101.　ADI admits that the Complaint includes Exhibit H, which Plaintiff purports to be a claim chart of claim 1 of the '252 patent.　ADI denies the allegations contained in Exhibit H and denies the remaining allegations of Paragraph 101.

102.    ADI denies that Plaintiff needs additional fact or expert discovery to sufficiently conclude that ADI does not infringe the '252 patent.  ADI denies the remaining allegations of Paragraph 102.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    ADI denies that any product it sold or offered for sale practices the asserted claims of the '252 patent such that any license is required.    ADI is without sufficient knowledge or information to admit or deny the allegations in Paragraph 107 and on that basis denies them.

108.    Denied.

109.    Denied.

## PRAYER FOR RELIEF

ADI denies that Plaintiff is entitled to the relief requested in the Complaint, or any other relief.  ADI denies each allegation in the prayer for relief.

## DEMAND FOR JURY TRIAL

ADI demands a trial by jury on all triable jury issues.

## AFFIRMATIVE DEFENSES

ADI asserts the following defenses.  ADI reserves the right to assert additional defenses that become known as this action proceeds.  By enumerating these additional defenses, ADI does not assume the burden of proof on any issue that is not assigned to ADI under substantive patent law or other applicable law.

10

**FIRST AFFIRMATIVE DEFENSE**
**(Non-Infringement of the Asserted Patents)**

ADI does not infringe and has not infringed any claim of the '666 patent, the '560 patent, the '312 patent, or the '252 patent in any manner under any section of 35 U.S.C. § 271 including 35 U.S.C. § 271(a), (b), (c), and/or (f), either alone or jointly with any other entity either literally or under the doctrine of equivalents.

ADI has not infringed and does not infringe any asserted claim of the '666 patent, either literally or through the doctrine of equivalents, directly, jointly, indirectly, contributorily, through the inducement of others, and/or otherwise.  For example, the Accused Products do not include "an electronic compass device operably coupled to the one or more CMOS integrated circuits" as recited by claim 1 of the '666 patent.

ADI has not infringed and does not infringe any asserted claim of the '560 patent, either literally or through the doctrine of equivalents, directly, jointly, indirectly, contributorily, through the inducement of others, and/or otherwise.  For example, the Accused Products do not include "at least one first conductive material formed overlying at least the contact region(s) of the singulated integrated sensor or electronic device" as recited by claim 1 of the '560 patent.

ADI has not infringed and does not infringe any asserted claim of the '312 patent, either literally or through the doctrine of equivalents, directly, jointly, indirectly, contributorily, through the inducement of others, and/or otherwise.  For example, the Accused Products do not include "forming at least one center anchor structure spatially disposed within a substantially circular portion of the surface region, the at least one center anchor structure(s) being configured within a vicinity of a center of the surface region that is within the center cavity" as recited by claim 1 of the '312 patent.

ADI has not infringed and does not infringe any asserted claim of the '252 patent, either literally or through the doctrine of equivalents, directly, jointly, indirectly, contributorily, through the inducement of others, and/or otherwise.  For example, the Accused Products do not include "one or more bonding structures, each of the bonding structures having a bonding pad within a vicinity of the upper cover region and provided within a second outer region of the upper surface region" as recited by claim 1 of the '252 patent.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity of the Asserted Patents)

The claims of the '666 patent, the '560 patent, the '312 patent, and the '252 patent are invalid for failing to comply with one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

All claims of the '666 patent are invalid under 35 U.S.C. § 101 *et seq.*, including the requirements of §§ 101, 102, 103, or 112.  For example, at least U.S. Patent No. 8,250,921 entitled "Integrated Motion Processing Unit (MPU) With MEMS Inertial Sensing and Embedded Digital Electronics" to Nasiri, teaches every claim of the '666 patent.

All claims of the '560 patent are invalid under 35 U.S.C. § 101 *et seq.*, including the requirements of §§ 101, 102, 103, or 112.  For example, at least U.S. Patent Pub. No. 2007/0181962 entitled "Wafer Encapsulated Microelectromechanical Structure and Method of Manufacturing Same" to Partridge, alone or in combination with U.S. Patent Pub. No. 2010/0140760 entitled "Alpha Shielding Techniques and Configurations" to Tam, teaches every claim of the '560 patent.

All claims of the '312 patent are invalid under 35 U.S.C. § 101 *et seq.*, including the requirements of §§ 101, 102, 103, or 112.  For example, at least U.S. Patent Pub. No. 2010/0236327 entitled "Tri-Axis Angular Rate Sensor" to Mao, alone or in combination with U.S. Patent No.

12

8,165,323 entitled "Monolithic Capacitive Transducer" to Zhou, teaches every claim of the '312 patent.

All claims of the '252 patent are invalid under 35 U.S.C. § 101 *et seq.*, including the requirements of §§ 101, 102, 103, or 112. For example, at least U.S. Patent Pub. No. 2007/0181962 entitled "Wafer Encapsulated Microelectromechanical Structure and Method of Manufacturing Same" to Partridge, teaches every claim of the '252 patent.

### THIRD AFFIRMATIVE DEFENSE
#### (Estoppel)

Plaintiff's claims are barred in whole or in part on the basis of estoppel and/or waiver. For example and without limitation, Plaintiff's claims are barred in whole or in part on the basis of prosecution history estoppel based on amendments, statements, admissions, omissions, representations, disclaimers, or disavowals made during the prosecution of the applications that led to the '666 patent, the '560 patent, the '312 patent, and the '252 patent, their parents, or their continuation applications (or any subsequent post-grant proceeding).

### FOURTH AFFIRMATIVE DEFENSE
#### (Limitation on Damages)

Plaintiff's claim for damages, if any, against ADI for the alleged infringement of the asserted patents is limited by 35 U.S.C. §§ 286 and 287. Plaintiff is prohibited from recovering damages for activities alleged to have occurred before ADI received notice of the alleged infringement under § 287, including because of the patent owner's failure to properly mark. Plaintiff is also barred from recovering costs in connection with this action under 35 U.S.C. § 288.

**FIFTH AFFIRMATIVE DEFENSE**
**(License and Exhaustion)**

Plaintiff has not yet identified whether any licensees cover one or more of the '666 patent, the '560 patent, the '312 patent, or the '252 patent.  Plaintiff's claims may be barred by express or implied license or by the doctrine of exhaustion.

**SIXTH AFFIRMATIVE DEFENSE**
**(Extraterritoriality)**

To the extent that Plaintiff's claims are directed to activities that occur outside the United States, Plaintiff's claims are barred or limited by the jurisdictional reach of the U.S. patent laws including but not limited to § 271(a).

**SEVENTH AFFIRMATIVE DEFENSE**
**(Acts of Others)**

To the extent that Plaintiff's allegations against ADI are based in whole or in part on the acts of persons or entities other than ADI, ADI is not responsible for nor exerts any direction or control over the actions of such other persons or entities.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Equitable Defenses)**

Plaintiff has not stated its infringement theories in detail.  ADI is informed and believes, however, that Plaintiff's claims for relief will be limited and/or barred in whole or in part by the doctrines of prosecution history estoppel, equitable estoppel, unclean hands, waiver, implied waiver, acquiescence, disclaimer, and/or other equitable defenses.

**NINTH AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief can be granted.

14

**RESERVATION OF RIGHTS**

ADI reserves all defenses, including all defenses permitted under the Federal Rules of Civil Procedure, the patent laws of the United States, and/or at law or in equity, that may now exist or will in the future be available based on discovery and further investigation in this case. ADI also reserves the right to amend these defenses.

**PRAYER FOR RELIEF**

**WHEREFORE**, ADI requests the following:

A.     That Plaintiff's Complaint against ADI be dismissed in its entirety with prejudice and that a judgment be entered in favor of ADI and against Plaintiff;

B.     That Plaintiff take nothing from ADI by reason of its Complaint;

C.     The Court find that the asserted claims of the asserted patents are invalid and/or unenforceable;

D.     The Court find that ADI has not and does not infringe, literally or under the doctrine of equivalents, directly or indirectly, willfully or otherwise, any valid claim of any asserted patent;

E.     The Court find that Plaintiff cannot recover any relief or damages from ADI for any infringement of any asserted patent and is not entitled to any injunctive relief;

F.     That the Court enter an order under 35 U.S.C. § 285, concluding that this case is exceptional and awarding ADI its reasonable attorney's fees and costs of suit incurred in this litigation; and

G.     That ADI be granted all such other and further relief as the Court deems just and proper.

15

Dated: July 17, 2026                    Respectfully submitted,

                                        */s/ Erik J. Halverson*
                                        Erik J. Halverson
                                        Bar No. 6320739
                                        K&L GATES LLP
                                        4 Embarcadero Center, Suite 1200
                                        San Francisco, CA 94111
                                        erik.halverson@klgates.com

                                        *Pro hac vice* forthcoming for:

                                        Christopher Centurelli
                                        christopher.centurelli@klgates.com
                                        Joshua N. Andrews
                                        Joshua.Andrews@klgates.com
                                        **K&L GATES LLP**
                                        1 Congress Street, Suite 2900
                                        Boston, MA 02114-2023
                                        Telephone: (617) 261-3100

                                        Jared R. Lund
                                        jared.lund@klgates.com
                                        **K&L GATES LLP**
                                        70 W. Madison St., Suite 3300
                                        Chicago, IL 60602
                                        (312) 372-1121

                                        *Attorneys for Defendant*
                                        *Analog Devices, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on July 17, 2026.

<div align="center" style="margin-left:50%">

*/s/ Erik J. Halverson*
Erik J. Halverson

</div>