**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| PACIFIC RESEARCH GROUP PTE. LTD., | § | |
| | § | |
| Plaintiff, | § | Case No. 7:26-cv-00186-DC |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| ANALOG DEVICES, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

**DEFENDANT ANALOG DEVICES, INC.'S**
**MOTION TO TRANSFER**

**Table of Contents**

I.     Introduction......................................................................................................... 1

II.    Statement Of Facts............................................................................................. 1

III.   Legal Standard .................................................................................................. 3

IV.   Argument ........................................................................................................... 4

       A.     Venue Is Proper In Massachusetts......................................................... 4

       B.     Private Interest Factors Heavily Favor Transfer .................................... 4

             1.     *Essential Third-Party Witnesses Sit in Massachusetts*.............................. 4

             2.     *Even Willing Witnesses Face Great Cost To Travel To Midland* .............. 6

             3.     *Documentary Evidence Is Not Accessible In This District* ........................ 8

       C.     Public Interest Factors Favor Transfer................................................... 9

V.    Conclusion ....................................................................................................... 11

## I.    INTRODUCTION

Pacific Research Group Pte. Ltd. ("PRG") filed a complaint on May 5, 2026, in this district against Analog Devices, Inc. ("ADI").  Dkt. 1.  PRG alleges ADI infringes U.S. Patent Nos. 8,402,666, 8,981,560, 9,376,312 and 8,395,252 with ADI's MEMS-based sensor products, including but not limited to ADXL355, ADXL362, ADXL366, and ADXL367 (ADI's "MEMS Accelerometer Products") and ADA4570 and ADA4571 (ADI's "MEMS AMR Products") (collectively, the "Accused Products").  Dkt. 1, ¶¶1, 18–26, 29.  ADI disputes PRG's allegations.

The Accused Products were designed and developed by engineers at ADI's Wilmington, Massachusetts Facility and other ADI Facilities in Europe.  The majority of people most knowledgeable about the design and development of Accused Products have subsequently left ADI and are no longer under its control.  These former employees, who still reside in Massachusetts, have specific and exclusive knowledge of the facts surrounding the design and development of the Accused Products, making them essential third-party witnesses outside this Court's subpoena power.

Conversely, ADI's sole office in this district, its Austin office, has no connection to the Accused Products.  There are no witnesses with knowledge of the Accused Products in this district and the documents relevant to this case are not even accessible in this district.

PRG, a Singapore company, has no apparent ties to this district.  The public and private interest factors this Court uses to determine proper venue show that Massachusetts is a *clearly* more convenient venue for this litigation.  As a result, this case should be transferred to the District of Massachusetts under 28 U.S.C. § 1404.

## II.    STATEMENT OF FACTS

ADI's corporate headquarters is located at 1 Analog Way, Wilmington, MA 01887 ("ADI's Wilmington Facility").  Ex. A, Declaration of Benoit Dufort, ("Dufort Declaration") ¶3.

Approximately 1,500 employees work at ADI's Wilmington Facility.  ADI also has a smaller Massachusetts office, with approximately 125 employees, located at 125 Summer St, Boston, MA 02110 ("ADI's Boston Facility").  *Id*., ¶4.

ADI has two Texas facilities, one in Austin and one in Dallas.  Ex. B, Declaration of Michael Nunnery ("Nunnery Declaration"), ¶¶3, 8.  The Austin facility is located at 5001 Plaza on the Lake Suite 250, Austin, TX ("ADI's Austin Facility") and employs approximately 50 people.  *Id*., ¶3.  The Dallas facility is located at 14675 Dallas Pkwy Suite 300, Dallas, TX 75254 ("ADI's Dallas Facility") and employs approximately 300 people.  *Id*., ¶8.  ADI recently closed another Austin facility, located at 6500 River Place Blvd, Austin, TX 78730 ("River Place Facility") which employed fewer than 10 engineers.  *Id*., ¶6.  The River Place Facility closed January 31, 2026.  *Id*.

None of the Accused Products, or any other of ADI's MEMS products, were designed or developed in Texas.  Dufort Declaration, ¶10; Nunnery Declaration, ¶¶7–8.  ADI's Austin Facility works on audio amplifiers and power converter products.  Nunnery Declaration, ¶5.  ADI's Dallas Facility works on microcontrollers, fixed function security devices, Gigabit Multimedia Serial Link (GMSL) technology, and battery chargers.  *Id*., ¶8.  Prior to closure, ADI's River Place Facility worked primarily on developing the hardware and firmware compatible with the HDMI standard.  *Id*., ¶6.  ADI restricts access to integrated circuit project design and development files to the employees that are members of the relevant projects, such that the documents and files for the Accused Products are not even accessible in this District.  *Id*., ¶9.  None of ADI's Texas based employees possess relevant knowledge of or have access to the technical documents relating to the Accused Products.  Dufort Declaration, ¶¶10–11.

Instead, the Accused Products were designed and developed in Massachusetts and Europe.  The MEMS Accelerometer Products were designed primarily at ADI's Wilmington Facility.

2

Dufort Declaration, ¶6. Prior to 2010, ADI had a location on Osborne Street in Cambridge, Massachusetts, but since 2010 all MEMS related work that occurred at this location now occurs at ADI's Wilmington Facility. *Id*. Engineers working at ADI's facility at Av. de les Corts Valencianes, 15 Campanar, 46015 Valencia, Spain ("ADI's Valencia Facility") also contributed to the MEMS Accelerometer Products. *Id*. The MEMS AMR sensor products were designed primarily at ADI's facility located at Raheen Industrial Estate, Limerick, Ireland ("ADI's Limerick Facility") with contributions from engineers working at ADI's Wilmington Facility. *Id*., ¶7. The documents describing the operation of the Accused Products are located at and accessible from ADI's Wilmington and Limerick Facilities. *Id*., ¶11.

The ASIC dies used in the Accused Products are manufactured by a third-party manufacturer located in Taiwan and the package is assembled by third-party manufacturers located in the Philippines and South Korea. *Id*., ¶9. Some testing on these products may also be performed at an ADI test site located in Cavite, Philippines.

Several former ADI employees have unique and specific knowledge of the Accused Products. *Id*., ¶¶13–19. Many of these individuals still live in Massachusetts. *Id*., ¶14.

## III. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." *In re Volkswagen of America, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008); *see VirtaMove, Corp. v. Google LLC*, No. MO:24-cv-00033-DC, 2025 WL 2634158, at *1–2 (W.D. Tex. May 7, 2025) (J. Counts overruling plaintiff's objection to order transferring case to Northern District of California).

Then, the determination of convenience is based on both private and public factors. *In re Volkswagen AG.*, 371 F.3d 201, 203 (5th Cir. 2004); *see In re Toyota Motor Corp.*, 747 F.3d 1338, 1341 (Fed. Cir. 2014) (explaining "[t]he analysis may not show that the transferee forum is *far* more convenient. But that is not what is required….the analysis shows that the transferee is *clearly* more convenient.") (citations and quotations omitted). The private factors include "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id*. (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6 (1981)). The public factors include "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id*. (citing *Piper Aircraft* 454 U.S. at 241 n. 6). The plaintiff's choice of venue is not a factor in this analysis. *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1200 (Fed. Cir. 2009).

## IV.    ARGUMENT

### A.    Venue Is Proper In Massachusetts

ADI is incorporated in Massachusetts and thus resides in Massachusetts. Dkt. 1, ¶6; Dufort Declaration, ¶6. Venue is proper in the District of Massachusetts. 28 U.S.C. § 1400.

### B.    Private Interest Factors Heavily Favor Transfer

#### 1.    *Essential Third-Party Witnesses Sit in Massachusetts*

Several former ADI employees who reside in Massachusetts possess unique knowledge relating to the design and development of ADI's MEMS products and cannot be compelled to attend a Western District of Texas trial. This Court's inability to secure attendance of relevant third-party witnesses heavily favors transfer to the District of Massachusetts. *See In re Google*

4

*LLC,* 58 F.4th 1379, 1385 (Fed. Cir. 2023) (Ordering the transfer of a case from the Western District of Texas where there were no likely witnesses within the subpoena power of the Texas court and multiple potential witnesses within the subpoena power of the transferee court).  "[W]hen there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor." *In re Dish Network LLC*, 2021 WL 4911981, at *3 (Fed. Cir. Oct. 21, 2021)  (citation and quotation omitted).  ADI's former employees, who are no longer under its control, possess unique knowledge regarding the design and development of ADI's MEMS Accelerometers and AMR products in this case.  Dufort Declaration, ¶¶13–19.

For example, Jack Memishian, Howard Samuels, and Long Pham, are former ADI ASIC Design engineers, and each has specialized knowledge regarding the Accused Products.  *Id*., ¶¶16–18.  Jack Memishian was the ADI ASIC Design engineering lead for ADXL362 and ADXL367 and has specialized knowledge regarding its ASIC design considerations, motivations, and design options.  *Id*., ¶16.  This would include why specific components were included or excluded, aspects regarding the product packaging, and the specific client needs or application demands.  *Id*.  This information is also relevant to ADXL366, which is based on the design of ADXL367.  *Id*.  Howard Samuels is another former ADI employee.  *Id*., ¶17.  Mr. Samuels was centrally involved in the ASIC design and development of ADXL355 and would have specialized knowledge regarding the overall design considerations, motivation, and ultimate selection of the ASIC components.  *Id*.  Similarly, Long Pham has specialized knowledge regarding the operational and structural relationship between ADXL355, ADXL362, ADXL366, and ADXL367, as he served as product engineer or ASIC design engineer on each of these products.  *Id*., ¶18.

While PRG has not yet served preliminary infringement contentions, PRG states that each of the Asserted Patents "relate to innovative improvements to semiconductor packaging

architectures for integrating MEMs devices and integrated circuits." Dkt. 1, ¶28. Information regarding semiconductor packaging architectures and integration is uniquely within the knowledge of the ASIC design team, including Jack Memishian, Howard Samuels, and Long Pham.

Charles Whiting, another former ADI employee, also has specialized and unique knowledge regarding the benefits of ADA4570 and ADA4571 in automotive Brushless Direct Current (BLDC) motor control applications. Dufort Declaration, ¶19. Charles Whiting also still resides in Massachusetts. *Id*., ¶¶13–14. Charles Whiting's knowledge of this topic may be valuable for multiple aspects of this case, including evaluating the value of the technology and the reasonableness, if any, of the potential damages PRG seeks.

Other aspects of the Accused Products are possessed by other former ADI employees who are also subject to discovery in Massachusetts. For example, Brock Bears worked on the application team of certain Accused Products and is no longer at ADI. Dufort Declaration, ¶13.

Jack Memishian, Howard Samuels, Long Pham, Charles Whiting, and Brock Bears all live within the state of Massachusetts. *Id*., ¶14. Each of these third-party witnesses fall within the subpoena power of the District of Massachusetts, but are outside of the subpoena power of the Western District of Texas. *In re Google LLC,* 58 F.4th at 1385.

2. *Even Willing Witnesses Face Great Cost To Travel To Midland*

"[T]he relative convenience for and cost of attendance of witnesses between the two forums is 'probably the single most important factor in the analysis.'" *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1318 (Fed. Cir. 2021) (citations omitted). The Fifth Circuit, in considering convenience, sets a 100-mile threshold: "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen*, 545 F.3d at 317 (internal citations omitted). No ADI employees within Texas have

6

specific knowledge of the design and development of the Accused Products.  Dufort Declaration, ¶10; Nunnery Declaration, ¶¶7–8.  ADI's employees at these locations cannot even access the Accused Products' design documents.  Nunnery Declaration, ¶9.  Based on PRG's allegations, ADI does not intend to call any employees from ADI's Austin or Dallas Facilities, and it would be irrelevant for PRG to call any employees from ADI's Austin or Dallas Facilities.

ADI's United States based employees with the most knowledge of the Accused Products or the Asserted Patents work at ADI's Wilmington, Massachusetts Facility.  Dufort Declaration, ¶¶6–7.  For example, Benoit Dufort is ADI's Director of MEMS Design and works at ADI's Wilmington Facility.  *Id*., ¶¶2–3.  Similarly, Anthony F. Flannery, who is a named inventor on U.S. Patent Nos. 8,402,666 and 9,376,312, but had no role in the design or development of any Accused product, is Head of Strategic Innovation for Healthcare at ADI and works at ADI's Wilmington Facility.  Ex. C, Declaration of Erik Halverson ("Halverson Declaration"), ¶17; Benoit Declaration, ¶20.  Wilmington, Massachusetts is over 2,000 miles or a 6-hour connecting airplane flight to the Midland/Odessa Division of District Court for the Western District of Texas, but only 15 miles from the Boston division of the District Court of Massachusetts.  Halverson Declaration, ¶¶7, 10–12.

For relevant ADI employees residing outside of the United States, Massachusetts also provides greater convenience.  Beyond engineers at ADI's Wilmington Facility, engineers at ADI's Limerick and Valencia Facilities contributed to the design and development of the Accused Products.  Dufort Declaration, ¶¶6–7.  Employees from ADI's Limerick and Valencia Facilities can take a 7–8 hour direct flight to get to Boston, MA.  Halverson Declaration, ¶¶8–9.  These same employees would require between 14-hour and 21-hour connecting flights to travel to Midland, TX.  *Id*., ¶¶13–16.

7

Considering flights alone, the cost associated with attendance of willing witnesses located in Massachusetts or Europe may increase by hundreds of dollars per trip. *Id.*, ¶¶8–16. The increased travel time to reach the Midland/Odessa Division as compared to the District of Massachusetts, would also be more disruptive to each ADI witness.

Moreover, certain references relevant to the validity of the Asserted Patents were identified in ADI's Answer. *See* Dkt. 13. For example, U.S. Patent No. 8,250,921 is relevant to the validity of asserted U.S. Patent No. 8,402,666. *Id.*, at 12. David Sachs, an inventor of U.S. Patent No. 8,250,921, is based in New York City. Halverson Declaration, ¶18. It is expected that Mr. Sachs has additional relevant information related to the state of the art and other prior art products to the patents in this case. Travel from New York City to Boston, MA by train takes approximately 4 hours; flights from New York City to Midland, TX take approximately 6 to 7 hours and are several hundred dollars more expensive. Halverson Declaration, ¶¶19–21.

Accordingly, the convenience of witnesses strongly favors the District of Massachusetts.

### 3. Documentary Evidence Is Not Accessible In This District

The relative ease of access to proof also favors the District of Massachusetts. "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (citation omitted). ADI's Wilmington Facility is ADI's corporate headquarters, so all sources of proof would be readily accessible. Dufort Declaration, ¶3; *see In re Acer America Corp.*, 626 F.3d 1252, 1255–56 (Fed. Cir. 2010) ("Our prior orders in venue transfer cases make clear that the combination of multiple parties being headquartered in or near the transferee venue and no party or witness in the plaintiff's chosen forum is an important consideration."); *In re Netflix, Inc.*, No. 2022-110, 2022 WL 167470, at *3 (Fed. Cir. Jan. 19, 2022) (finding defendant's declaration adequately demonstrated evidence

8

"relevant and material to the case" was located in transferee district in the form of source code; documents about research, design, and development of accused product; and financial documentation). Meanwhile, the employees at ADI's Austin or Dallas Facilities do not even have access to relevant technical documentation. Nunnery Declaration, ¶9. Access to sources of proof, including proof stored electronically, favors transfer. *In re Volkswagen*, 545 F.3d at 316 ("That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous"); *In re Genentech, Inc.*, 566 F.3d at 1346 (rejecting "the notion that physical location of some relevant documents should play a substantial role in the venue analysis is somewhat antiquated in the era of electronic storage and transmission."); *see In re TikTok, Inc.*, 85 F.4th 352, 359 (5th Cir. 2023) (finding this factor favored transfer because while "key evidence may be electronic…it is not 'equally accessible in either forum.'"); *In re Radmax, Ltd.*, 720 F.3d 285 (5th Cir. 2013) ("Any such inconvenience may well be slight, but…the question is *relative* ease of access, not *absolute* ease of access.").

Accordingly, the private factors clearly weigh in favor of a transfer to Massachusetts.

### C.    Public Interest Factors Favor Transfer

The local interests also favor transfer to Massachusetts. The Accused Products were designed and developed in Massachusetts and Europe. Dufort Declaration, ¶¶6–7; *see In re Juniper Networks*, 14 F.4th at 1317 ("As for which district has the greater local interest…the most relevant consideration bearing on that factor is where the development of the allegedly infringing products occurred."). ADI's headquarters is in Wilmington, Massachusetts. Dufort Declaration, ¶3. Beyond ADI's unrelated Texas facilities, and the potential availability of the Accused Products in Texas, the complaint pleads no other Texas ties. *See* Dkt. 1, ¶¶9–17; *see HD Silicon Solutions LLC v. Microchip Technology Inc.*, No. W-20-cv-01092-ADA, 2021 WL 4953884, at *6 (W.D.

Tex. October 25, 2021) ("the focus is on where the events forming the basis of infringement occurred and not the parties' generalized connection to the forum.").

The court congestion factor often "appears to be the most speculative" and when "several relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all of those other factors." *In re Genentech, Inc.*, 566 F.3d at 1347; *see In re Clarke*, 94 F.4th 502, 509–10 (5th Cir. 2024) (holding that statistics on court congestion were not "particularly relevant").

Nevertheless, according to the Federal Court Management Statistics[1], the District of Massachusetts and the Western District of Texas compare as follows:

| | District of Massachusetts | Western District of Texas |
|---|---|---|
| Average Median Time from Filing to Disposition for Civil Cases from March 31, 2020 to March 31, 2025 | 10 Months | 7.4 Months |
| Average Median Time from Filing to Trial for Civil Cases from March 31, 2020 to March 31, 2025 | 33 Months | 27 Months |
| Average Pending Cases per Judgeship from March 31, 2020 to March 31, 2025 | 375 Cases | 750.5 Cases |

As shown above, the difference in disposition and time to trial slightly favors the Western District of Texas, whereas the number of pending cases favors the District of Massachusetts. This factor is neutral.

---

[1] Federal Court Management Statistics from www.uscourts.gov/data-news/reports/statistical-reports/federal-court-management-statistics/federal-court-management-statistics-march-2025.

Lastly, there are no perceived conflicts of law, and both districts are equally qualified to apply patent law, so the remaining two public factors are neutral. Accordingly, like the private interests, the public interests favor transfer.

## V.    CONCLUSION

For the reasons discussed above, ADI respectfully requests that the Court transfer this case to the District of Massachusetts.

Dated: July 17, 2026

Respectfully submitted,

*/s/ Erik J. Halverson*
Erik J. Halverson
Bar No. 6320739
**K&L GATES LLP**
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
erik.halverson@klgates.com

*Pro hac vice* forthcoming for:

Christopher Centurelli
christopher.centurelli@klgates.com
Joshua N. Andrews
Joshua.Andrews@klgates.com
**K&L GATES LLP**
1 Congress Street, Suite 2900
Boston, MA 02114-2023
Telephone: (617) 261-3100

Jared R. Lund
jared.lund@klgates.com
**K&L GATES LLP**
70 W. Madison St., Suite 3300
Chicago, IL 60602
(312) 372-1121

*Attorney for Defendant*
*Analog Devices, Inc.*

11

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Plaintiff and Defendant complied with the meet and confer requirement pursuant to Local Rule CV-7(g) on July 13, 2026 and Plaintiff opposed the relief requested herein.

*/s/ Erik J. Halverson*
Erik J. Halverson

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 17, 2026, all counsel of record who have consented to electronic service have been served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Erik J. Halverson*
Erik J. Halverson

12