**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| PACIFIC RESEARCH GROUP PTE. LTD.,<br><br>Plaintiff,<br><br>v.<br><br>ANALOG DEVICES, INC.,<br><br>Defendant. | Case No. 7:26-cv-00186-DC-DTG<br><br>**JURY TRIAL DEMANDED** |

**JOINT RULE 26(f) REPORT**

Pursuant to the Court's Order Setting Initial Pretrial Conference dated August 19, 2026 (ECF No. 24), Federal Rule of Civil Procedure 26(f), and Local Rule CV-16, Plaintiff Pacific Research Group Pte. Ltd. ("Pacific Research" or "Plaintiff") and Defendant Analog Devices, Inc. ("ADI" or "Defendant") (collectively, the "Parties") hereby submit this Joint Rule 26(f) Report.

**1. What are the causes of action, defenses, and counterclaims in this case?**

**A. Plaintiff's causes of action.**

Pacific Research asserts four counts of patent infringement pursuant to 35 U.S.C. § 271 against Defendant. Specifically, Pacific Research alleges that Defendant's MEMS sensor and inertial measurement unit products—including but not limited to the ADXL366, ADXL362, ADXL367, ADXL355, ADA4571, and ADA4570 product lines ("Accused Products")—infringe one or more claims of the following United States Patents (collectively, the "Asserted Patents"):

(a) U.S. Patent No. 8,402,666 ("the '666 Patent"), entitled "Magneto Meter Using Lorentz Force For Integrated Systems" (issued March 26, 2013);

(b) U.S. Patent No. 8,981,560 ("the '560 Patent"), entitled "Method And Structure of Sensors and MEMs Devices Using Vertical Mounting with Interconnections" (issued March 17, 2015);

(c) U.S. Patent No. 9,376,312 ("the '312 Patent"), entitled "Method For Fabricating a Transducer Apparatus" (issued June 28, 2016); and

(e) U.S. Patent No. 8,395,252 ("the '252 Patent"), entitled "Integrated MEMS and CMOS Package and Method" (issued March 12, 2013).

Pacific Research asserts claims for direct patent infringement under 35 U.S.C. § 271(a), and induced infringement under § 271(b), which additionally requires proof that the defendant knowingly induced direct infringement with specific intent to encourage such infringement. Pacific Research seeks damages pursuant to 35 U.S.C. § 284, including no less than a reasonable royalty, as well as enhanced damages for willful infringement, and attorneys' fees under 35 U.S.C. § 285.

**B. ADI's defenses.**

ADI denies that ADI infringes, directly or indirectly, any claim of the Asserted Patents. ADI also disputes that the claims of the Asserted Patents are valid under 35 U.S.C. §§ 101, 102, 103, and 112. Any damages sought by Pacific Research are limited under 35 U.S.C. §§ 286 and 287.

**2. Are there any outstanding jurisdictional issues?**

There are not any outstanding jurisdictional issues. The Court has federal question subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because Pacific Research asserts claims arising under the patent laws of the United States. ADI does not contest subject matter jurisdiction

or personal jurisdiction but contends that the District of Massachusetts is the appropriate forum to resolve this dispute. *See* Dkt. 14. Briefing on this motion is ongoing.

**3. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

There are no unserved parties.

**4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

The Parties have not yet reached any stipulations regarding facts or elements of the claims or defenses. The Parties agree to meet and confer in good faith regarding potential stipulations as the case proceeds.

**5. Are there any legal issues in this case that can be narrowed by agreement or by motion?**

The Parties have not yet identified legal issues that can be narrowed by agreement. The Parties anticipate that claim construction proceedings under *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996), will narrow the disputed claim term issues and potentially streamline infringement and invalidity contentions. The Parties are willing to meet and confer regarding motions or stipulations that could narrow legal issues prior to trial.

**6. Are there any issues about preservation of discoverable information?**

The Parties are aware of their obligation to preserve potentially relevant documents and information. Pacific Research and ADI have issued litigation hold notices. The Parties agree to meet and confer regarding the scope of preservation obligations to the extent any disputes arise.

**7. Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?**

The Parties note that the Court's Standing Order Governing Patent Proceedings provides that general search and production of email or other ESI related to email (such as metadata) will

not be required absent a showing of good cause. In the event the Parties believe that production of email is needed, the Parties agree to meet and confer regarding an ESI protocol for submission to the Court.

**8. What are the subjects on which discovery may be needed?**

**A. Pacific Research's Position.**

Pacific Research anticipates that discovery may be needed on, among other things, the following subjects:

(a) The structure, function, and operation of the Accused Products, including any relevant manufacturing and design documentation;

(b) The conception, reduction to practice, and development of the inventions claimed in the Asserted Patents;

(c) Defendant's knowledge or awareness of the Asserted Patents;

(d) The prosecution history of the Asserted Patents and any related applications or *inter partes* review proceedings;

(e) Alleged prior art to the Asserted Patents;

(f) Defendant's sales, revenues, costs, and profits related to the Accused Products, for purposes of damages;

(g) Licensing of the Asserted Patents and comparable licenses, for purposes of a reasonable royalty analysis;

(h) Any alleged licensing or exhaustion defenses raised by Defendant; and

(i) Any other matters relevant to the claims, defenses, and counterclaims in this action.

**B. ADI's Position.**

ADI anticipates discovery may be needed on the topics identified by Pacific Research and:

(a) Information regarding the assignment history of the Asserted Patents;

(b) Information on whether the Asserted Patents were embodied in products made, used, offered for sale, sold, or imported by prior assignees of the Asserted Patents;

(c) Information regarding the scope and content of the prior art;

(d) Information regarding what, if any, incremental value the subject matter claimed by the Asserted Patents provide; and

(e) information on the granting of any rights involving the subject matter of any Asserted Patent.

**9. Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?**

Initial disclosures pursuant to Rule 26(a)(1) have not yet been made. Per the Court's Standing Order Governing Patent Proceedings, Initial Disclosures are due one business day after the *Markman* hearing. The Parties do not propose any changes to the form or requirement for initial disclosures.

**10. What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?**

Venue discovery occurred and completed on October 9, 2026.

For non-venue discovery, the Parties propose to conduct discovery as set forth in the proposed case schedule submitted concurrently herewith. Pursuant to the Court's Standing Order Governing Patent Proceedings, discovery (other than venue, jurisdictional, and claim construction-related discovery) shall be stayed until after the *Markman* hearing. Following the *Markman* hearing, the following discovery limits shall apply:

(a) Interrogatories: 30 per Side;

(b) Requests for Admission: Each side may serve forty-five (45) requests for admission. These limitations do not apply to requests for admission that seek admission as to (a) the authenticity of a particular document or thing, or (b) the admissibility of a particular document or thing, provided, however, that such requests as to authenticity, or admissibility shall be limited to a reasonable number of requests. The Parties shall work together in good faith to agree on a stipulation as to the authenticity of their own documents to avoid the service of large numbers of requests for admission relating to authenticity, and/or admissibility.

(c) Requests for Production: 75 per Side;

(d) Fact Depositions: 70 hours per Side (party and non-party witnesses combined)[1]; and

(e) Expert Depositions: 7 hours per report.

The Parties believe that fact discovery should not be phased except that fact discovery should close before expert discovery begins.

**11. What, if any, discovery disputes exist?**

There are no known discovery disputes at this time.

**12. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

The Parties filed a Stipulated Protective Order which was signed and entered by the Court on September 1, 2026 (ECF No. 28) and includes the appropriate FRE 502(d) language.

[1] For any deposition requiring the use of a translator, only sixty-seven percent (67%) of the time used will count toward the time limits (for example, 10.5 hours of translated deposition time would count as 7 hours for purposes of the deposition time limits).

**13. Have the parties discussed early mediation?**

The Parties have not yet discussed mediation. The Parties are open to exploring early mediation or mediation at an appropriate point in the litigation and agree to meet and confer regarding the timing and selection of a mediator.

**14. Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?**

The Parties filed a Stipulated Protective Order which was signed and entered by the Court on September 1, 2026 (ECF No. 28).

The Parties do not believe there are any other scheduling or discovery matters currently requiring the Court's attention, beyond those addressed herein and in the proposed case schedule submitted concurrently herewith.

**15. Issues Regarding Claims of Privilege.**

The Parties agree that privileged communications and materials sent or created after the filing of the Complaint need not be logged on a privilege log.

**16. State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).**

**A. What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made?**

The Parties agree disclosures should be made under Judge Count's OGP and according to the Parties' agreed scheduling order. *See also* No. 9, above.

**B. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues?**

Discovery should be conducted according to the Parties' agreed scheduling order. The Parties expect discovery to be phased into fact and expert discovery, with claim construction

discovery taking place within the Parties' schedule for claim construction pursuant to the accompanying proposed schedule. The Parties will meet and confer to discuss any extensions that may become necessary, if appropriate.

Unless otherwise agreed to by the Parties, the Parties will abide by the discovery limits set in the Court's Order Governing Proceedings absent good cause shown by the party seeking additional discovery. *See also* No. 8, above.

**C. Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

None at this time. The Parties are meeting and conferring to jointly draft and submit to the Court a proposed stipulated order governing the discovery and preservation of electronically stored information (ESI). *See also* No. 7, above.

**D. Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The Parties filed a Stipulated Protective Order which was signed and entered by the Court on September 1, 2026 (ECF No. 28). *See also* No. 12, above.

**E. What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed?**

The Parties do not request any change in the limitations on discovery at this time. Discovery should be conducted according to the Parties' agreed scheduling order and by the discovery limits set in the Court's Order Governing Proceedings and as set forth above. *See also* No. 10, above.

**F. Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The Parties request the Court enter its order regarding the procedure for submission of discovery disputes by email, as stated in the Standing Order Governing Proceedings 4.4 for patent cases pending in the Waco Division. *See also* No. 14, above.

Dated: October 15, 2026

*/s/ Bradley D. Liddle*
Paul J. Skiermont (TX Bar No. 24033073)
Bradley D. Liddle (TX Bar No. 24074599)
Michael C. Pomeroy (TX Bar No. 24098952)
Michael D. Ricketts (TX Bar No. 24079208)
**SKIERMONT DERBY LLP**
1601 Elm Street, Suite 4400
Dallas, Texas 75201
Phone: (214) 978-6600
pskiermont@skiermontderby.com
bliddle@skiermontderby.com
mpomeroy@skiermontderby.com
mricketts@skiermontderby.com

Charles C. Koole (CA Bar No. 259997)
Rex Hwang (CA Bar No. 221079)
**SKIERMONT DERBY LLP**
633 W. Fifth Street, Suite 5800
Los Angeles, California 90071
Phone: (213) 788-4500
ckoole@skiermontderby.com
rhwang@skiermontderby.com

*Attorneys for Plaintiff*
Pacific Research Group Pte. Ltd.

Respectfully submitted,

*/s/ Erik J. Halverson*
Erik J. Halverson CA Bar No. 6320739
**K&L GATES LLP**
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
erik.halverson@klgates.com
Telephone: (415) 882-8238

Christopher Centurelli (*pro hac vice*)
Joshua N. Andrews (*pro hac vice*)
**K&L GATES LLP**
1 Congress Street, Suite 2900
Boston, MA 02114-2023
Telephone: (617) 261-3100
chris.centurelli@klgates.com
Joshua.andrews@klgates.com

Jared R. Lund (*pro hac vice*)
**K&L GATES LLP**
70 W. Madison St., Suite 3300
Chicago, IL 60602
Telephone: (312) 372-1121
jared.lund@klgates.com

*Attorneys for Defendant*
Analog Devices, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 15th day of October 2026, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first-class mail on this same date.

*/s/ Bradley D. Liddle*