# EXHIBIT 28

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| PACIFIC RESEARCH GROUP PTE. LTD.,<br><br>Plaintiff,<br><br>v.<br><br>ANALOG DEVICES, INC.,<br><br>Defendant. | Case No. 7:26-cv-00186-DC-DTG |

**PLAINTIFF'S NOTICE OF RULE 30(B)(6) VENUE DEPOSITION TO ANALOG DEVICES, INC.**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant Rule 30(b)(6) of the Federal Rules of Civil Procedure and the Court's August 2, 2022 Standing Order Governing Patent Proceedings, on September 22, 2026, at 9:00 a.m. Central Time, by remote videoconference, or such other date and time as mutually agreed upon by the parties, counsel for Plaintiff Pacific Research Group Pte. Ltd. ("Pacific Research") will take the deposition of Defendant Analog Devices, Inc. ("ADI") concerning the topics listed in Exhibit 2 in connection with ADI's Motion to Transfer (Dkt. 14).

ADI shall designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf and shall prepare its designee or designees to testify about information known or reasonably available to ADI concerning each topic listed in Exhibit 2.

The deposition will be taken by videoconferencing means, for which access information will be provided in advance of the deposition. The deposition shall continue thereafter day to day until completed, subject to Federal Rule of Civil Procedure 30(d)(1), before a Notary Public or

other officer authorized by law to administer oaths. The testimony shall be recorded by stenographic, audio, video, and/or real-time computer means.

Dated: July 30, 2026

Respectfully submitted,

*/s/ Bradley D. Liddle*
Paul J. Skiermont (TX Bar No. 24033073)
Bradley D. Liddle (TX Bar No. 24074599)
Michael C. Pomeroy (TX Bar No. 24098952)
Steven W. Hartsell (TX Bar No. 24040199)
Michael D. Ricketts (TX Bar No. 24079208)
SKIERMONT DERBY LLP
1601 Elm Street, Suite 4400
Dallas, Texas 75201
Phone: (214) 978-6600
pskiermont@skiermontderby.com
bliddle@skiermontderby.com
mpomeroy@skiermontderby.com
shartsell@skiermontderby.com
mricketts@skiermontderby.com

Charles C. Koole (CA Bar No. 259997)
Rex Hwang (CA Bar No. 221079)
SKIERMONT DERBY LLP
633 W. Fifth Street, Suite 5800
Los Angeles, California 90071
Phone: (213) 788-4500
ckoole@skiermontderby.com
rhwang@skiermontderby.com

*Attorneys for Plaintiff*
Pacific Research Group Pte. Ltd.

**EXHIBIT 1**

**DEFINITIONS AND INSTRUCTIONS**

1. The terms "You," "Your," "ADI," or "Defendant" means Analog Devices, Inc., including its predecessors (including Maxim Integrated Products, Inc.), successors, affiliates, and persons acting on its behalf, but does not include outside counsel except where a Topic expressly states otherwise.

2. The term "Accused Products" refers to all products accused of infringement in Plaintiff's Complaint (Dkt. 1), including any additional products identified in Plaintiff's operative infringement contentions, but not limited to, Defendant's ADXL355, ADXL362, ADXL366, ADXL367, ADA4570, and ADA4571 products and product lines, together with all versions, variants, revisions, predecessors, successors, and other products that are similar or not materially different with respect to the structures, features, components, packaging, fabrication processes, or methods alleged in the Complaint to infringe any of the Asserted Patents.

3. The terms "Asserted Patents" or "Patents in Suit" refer to U.S. Patent No. 8,402,666 ("'666 Patent"); 8,981,560 ("'560 Patent"); 9,376,312 ("'312 Patent"); and 8,395,252 ("'252 Patent"), as well as any applications for and/or counterparts to said patents.

4. The terms "Suit," "Lawsuit," "Action," or "Case" refer to the above-captioned case number as shown in the caption of this Document.

5. The term "Related Action" means *Pacific Research Group Pte. Ltd. v. STMicroelectronics N.V. et al.*, Case No. 7:26-cv-00134-DC-DTG (W.D. Tex.).

6. The term "Motion" means ADI's Motion to Transfer (Dkt. 14), including the exhibits and declarations submitted therewith.

7. The term "Dufort Declaration" means the Declaration of Benoit Dufort (Dkt. 14-1); "Nunnery Declaration" means the Declaration of Michael Nunnery (Dkt. 14-2); and "Halverson Declaration" means the Declaration of Erik Halverson (Dkt. 14-3) (collectively, the "Declarations").

8. The term "Former Employees" means Jack Memishian, Howard Samuels, Long Pham, Charles Whiting, and Brock Bears.

9. The term "Texas Facilities" means ADI's facility at 5001 Plaza on the Lake, Suite 250, Austin, Texas 78746; ADI's facility at 14675 Dallas Parkway, Suite 300, Dallas, Texas 75254; and ADI's former facility at 6500 River Place Boulevard, Austin, Texas 78730.

10. The terms "Wilmington Facility," "Boston Facility," "Limerick Facility," and "Valencia Facility" have the meanings assigned to those terms in the Motion and the Dufort Declaration.

11. The term "Current ADI Personnel" means any person currently employed or engaged by ADI, including any current officer, director, employee, or contractor.

12. The term "Relevant Period" means May 8, 2020, through the present.

13. The terms "relate to," "related to," or "relating to" mean in whole or in part, directly or indirectly, relating to, referring to, describing, evidencing, concerning, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, or constituting. Use of these terms includes any and all information, whether past, present, or Relating to the future.

14. The terms "communicated" or "communication(s)" mean any transmission of information between or among two or more Persons, by written, oral or any other means, without limitation.

15. The terms "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these Topics information that might otherwise be construed to be outside their scope.

16. The terms "all," "any," and "each" shall be construed as including all three all, any, and each.

17. The terms "person," "persons," or "individuals" include natural persons, firms, partnerships, associations, corporations and business entities operating under an assumed name.

18. The term "date" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

19. "Document" is defined broadly to be given the full scope of that term contemplated in Federal Rules of Civil Procedure 26 and 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession, custody, or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001 of the Federal Rules of Evidence. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document.

20. When referring to documents, the term "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

21. When referring to a natural person, the term "identify" means to give, to the extent known, the person's full name, present or last known address and telephone number, and present or last known employer, job title, and job description.

22. The term "including" means including but not limited to.

23. The use of the singular form of any word includes the plural and the plural as singular as necessary to bring within the scope of the topics of testimony any information or documents which might otherwise be construed to be outside their scope.

**EXHIBIT 2**

**TOPICS OF TESTIMONY**

1. For each Former Employee; their dates of employment with ADI; positions and responsibilities; the Accused Products, product versions, and projects on which they worked; the dates and nature of that work; whether they performed work relating to any Accused Product during the Relevant Period; whether they participated during the Relevant Period in any change to the structure, packaging, fabrication, assembly, testing, or operation of an Accused Product; and the date and circumstances of their separation from ADI.

2. ADI's knowledge of each Former Employee's current city and state of residence, current employment location, and any location where he regularly transacts business in person; the facts supporting the statement that each Former Employee "still resides in Massachusetts" based on "ADI's most recent knowledge" (Dufort Declaration ¶ 14); the date and manner in which ADI last confirmed that information; the distance of each identified location from the federal courthouse in Boston; and the facts supporting any contention that the District of Massachusetts could compel that individual's attendance at trial under Federal Rule of Civil Procedure 45(c).

3. ADI's nonprivileged knowledge concerning any contact since January 1, 2026 between ADI, its counsel, or any agent acting on its behalf, on the one hand, and any Former Employee or David Sachs, on the other hand, including: (a) the date and method of each contact; (b) the identity and role of the person making the contact; (c) whether the individual was asked to provide information, documents, a declaration, deposition testimony, or trial testimony concerning this Action; (d) whether the individual confirmed or disputed the subjects of knowledge attributed to him in the Motion or Declarations; (e) whether the individual stated that he would testify voluntarily; and (f) whether ADI offered or agreed to provide compensation, representation,

consulting work, indemnification, or any other benefit in connection with the Action. This Topic does not seek legal advice, counsel's mental impressions, or litigation strategy.

4. For each Former Employee, the existence, nature, and current status of any agreement or obligation requiring or providing for consulting services, cooperation, document preservation, interviews, declarations, deposition or trial testimony, litigation assistance, indemnification, representation, or compensation in connection with this Action or its subject matter.

5. The nonprivileged facts supporting each assertion in Paragraphs 13-19 of the Dufort Declaration that a Former Employee possesses knowledge "not possessed by" or "not shared by" any current ADI employee, including: (a) the particular information allegedly unique to each Former Employee; (b) the investigation undertaken to determine whether that information is unique; (c) the Current ADI Personnel whose knowledge was evaluated; (d) each member of Current ADI Personnel possessing the same or overlapping knowledge; (e) the categories of ADI documents containing the same or overlapping information; and (f) any basis for asserting that Current ADI Personnel and ADI's records cannot provide the same material information.

6. The identity, job title, work location, responsibilities, and subjects of knowledge of each member of Current ADI Personnel whom ADI identified after reasonable inquiry as possessing material knowledge concerning the design, development, packaging, structure, operation, fabrication, assembly, testing, marketing, sales, or ASIC implementation of an Accused Product, including each person whose knowledge is the same as or overlaps with knowledge attributed to a Former Employee.

7. The identity, job title, work location, dates of involvement, and specific contributions of each person at ADI's Limerick or Valencia Facilities whom ADI contends

possesses material knowledge relevant to this Action, including whether ADI contacted that person concerning the Action, whether the person is willing to testify voluntarily, and whether ADI presently expects to rely on that person at deposition or trial.

8. Benoit Dufort's role at ADI; work location; knowledge of the design, development, packaging, structure, operation, and product history of the Accused Products; access to relevant records; knowledge that is the same as or overlaps with knowledge attributed to each Former Employee; and ability to testify concerning the subjects identified in Paragraphs 13–19 of the Dufort Declaration.

9. Anthony F. Flannery's current role and work location; his inventorship of U.S. Patent Nos. 8,402,666 and 9,376,312; the subjects of patent-specific knowledge he possesses; his involvement or non-involvement in the design or development of the Accused Products; whether ADI expects to rely on his testimony in this Action; and whether ADI will make him available voluntarily for deposition and trial in this Action.

10. The nonprivileged facts supporting ADI's assertions that it "does not intend to call any employees from ADI's Austin or Dallas Facilities" (Mot. 7) and that no ADI employee in Texas possesses relevant knowledge concerning the Accused Products (Dufort Declaration ¶ 10; Nunnery Declaration ¶¶ 7-8), including the inquiry ADI performed before making those assertions. This Topic also includes the identity, location, employment status, willingness to testify, anticipated subject matter, and expected materiality of each witness whom ADI relies upon in support of the Motion or presently contends is likely to testify concerning a venue-relevant issue.

11. ADI's storage, custody, maintenance, control, and collection of documents concerning the design, development, packaging, structure, operation, fabrication, assembly, testing, marketing, sales, and financial performance of the Accused Products, including: (a) the

principal repositories or systems containing those records; (b) the geographic locations of the custodians who create, maintain, or control those records; (c) the locations from which the records are ordinarily accessed and administered; (d) the personnel responsible for collecting and producing the records in this Action; (e) whether authorized personnel can access and collect the records regardless of geographic location; and (f) any difference in burden, cost, time, or process for collecting and producing the records depending on whether the Action proceeds in Massachusetts or this District.

12. The identity, job title, and work location of the persons currently authorized to access and collect design and development records for the Accused Products, including persons located outside Massachusetts or Ireland; the locations from which ADI has collected or reviewed Accused Product records for this Action or the Motion; and whether any relevant records are accessible only from Massachusetts.

13. The existence and location of physical evidence concerning the Accused Products, including paper archives, product samples, prototypes, wafers, dies, and laboratory or test equipment; whether ADI expects to rely on any such evidence at trial; whether inspection or testing would be required; and whether any item would need to be transported from Massachusetts for deposition or trial.

14. During the Relevant Period, each facility owned, leased, or operated by ADI in Texas, including the Texas Facilities; the dates of operation; approximate headcount; principal business functions; and any activity at the facility relating to the Accused Products or the technical, sales, customer-support, financial, or litigation functions relevant to this Action.

15. During the Relevant Period, the identity, job title, work location, and material responsibilities of each ADI employee, independent contractor, and consultant working in or from

Texas who performed technical support, field application engineering, customer-specific design support, marketing, distribution, accounting, or financial analysis concerning an Accused Product.

16. Any Texas-specific engineering, product customization, design-in activity, technical support, testing, failure analysis, or customer-specific work concerning an Accused Product, including the location, dates, responsible personnel, customer or project involved, and nature of the activity.

17. The identity of (a) each Person, including former employees, independent contractors, and consultants, within Texas or the Western District of Texas likely to have personal knowledge relating to the development, design, or functionality of the Accused Products or ADI's marketing and sales, including marketing channels and materials, sales process, revenues, costs, and profits associated with the sales, and/or marketing of the Accused Products anywhere in the United States, and (b) the nature of such knowledge.

18. For each Accused Product, the locations and dates at which it was designed, developed, fabricated, assembled, packaged, and tested; the persons or teams responsible for each activity; the activities performed at the Wilmington, Boston, Limerick, and Valencia Facilities and by third parties in Taiwan, the Philippines, and South Korea; and any change during the Relevant Period to the product's packaging, dies, ASIC, MEMS integration, fabrication, assembly, testing, structure, or operation, including the persons and locations responsible for each change.

19. For each Former Employee, David Sachs, Anthony F. Flannery, and each other witness identified or relied upon in support of the Motion: whether ADI contends that the person is likely to testify at deposition or trial; the specific subjects of anticipated testimony; the particular claim limitation, infringement issue, validity issue, damages issue, or other disputed fact to which

the testimony relates; why the testimony would be material and non-cumulative; whether the person is willing to testify voluntarily; and whether ADI presently expects to call the person.

20. The identity, job title, employment status, current work location or city and state of residence, willingness to testify, and anticipated subject matter of every person not otherwise identified by name in the Motion whom ADI contends supports transfer to the District of Massachusetts.

21. The identity and location of each third-party distributor, contractor, reseller, sales representative, or other entity that sold, offered for sale, or distributed any Accused Product in Texas from May 8, 2020, to the present, including each entity's name and relationship with ADI concerning the Accused Products.

22. Any additional burden, expense, delay, personnel requirement, technical process, or other practical difference ADI contends it would experience in collecting, reviewing, producing, presenting, or transporting evidence if the Action proceeds in this District rather than the District of Massachusetts, including the nonprivileged facts supporting each claimed difference.

23. The steps taken by ADI to identify persons in Texas who have relevant knowledge of the Accused Products or related marketing and sales information.

24. The nonprivileged steps taken by ADI to identify and prepare its Rule 30(b)(6) designee or designees, including the categories of business records reviewed and the identities, job titles, and responsibilities of nonlawyer ADI personnel consulted, excluding the substance of attorney-client communications, counsel's mental impressions, and litigation strategy.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served on July 30, 2026, by electronic mail to all counsel of record who are deemed to have consented to electronic service.

*/s/ Bradley D. Liddle*
Bradley D. Liddle